UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH POOLE,

           Petitioner,

    V.

WILLIAM MAZZUCA,

           Respondent

**REPORT AND RECOMMENDATION**
04-CV-1186

(DNH/VEB)

---

## I. INTRODUCTION

On October 14, 2004, Petitioner Joseph Poole, filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that he was erroneously denied release to parole supervision by a 2003 decision of the New York State Board of Parole.[1]  (Docket No.1).  The relief sought in the Petition is Petitioner's immediate release from prison to parole supervision.  (Id.).

This matter was referred to the undersigned on November 5, 2007, by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for a report and recommendation. (Docket No. 16).

## II.  REPORT AND RECOMMENDATION

---

[1] Petitioner does not contest the lawfulness of his conviction or sentence.  (Docket No. 1 at 2).

According to the Department of Correctional Services website[2], Petitioner was conditionally released from custody to parole supervision on September 19, 2007. As such, Petitioner's release raises the question of whether this petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution.[3]

As with all litigants in federal court, Petitioner must satisfy the case or controversy requirement of Article III, § 2, of the Constitution in order to be eligible for relief.  A case becomes moot if, *at any stage* of the proceedings, it fails to satisfy the case-or-controversy requirement.  Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir. 2004) (emphasis added), citing Spencer v. Kemna, 523 U.S. 1, 7 (1998); accord Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir. 2004); and Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004).

In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist.  So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (internal quotation marks omitted) (citing, Spencer, 523 U.S. at 7 and Gonzalez v. INS, 2002 WL 31444952, at *3 (S.D.N.Y. 2002)); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002).

The Supreme Court has stated that a challenge to the conviction itself carries the presumption that a collateral consequence, such as parole or probation, exists.  Spencer v. Kemna, 523 U.S. 1, 8 (1998). However, in this case, Petitioner only challenges the Parole Board's decision denying release to parole supervision.  Petitioner raises no

---

[2] http://www.docs.state.ny.us

[3] A summary of the facts and background of the criminal case and the filing of the petition is unnecessary because Petitioner does not challenge his underlying conviction or sentence.

challenge to his underlying conviction. See (Docket No.1 & 2). Additionally, Petitioner has obtained the relief requested in his Petition, namely, release from prison. Accordingly, because no presumption applies, Petitioner must prove the existence of a concrete and *continuing* injury as a consequence of the alleged error of the parole board in granting his release. Spencer, at 7. Petitioner has made no such showing.

Thus, as a result of his release to parole from custody, the Court finds that Poole's petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution. Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir.2004), (citing Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); accord Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir.2004); Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir.2004)). Moreover, Petitioner has failed to demonstrate a continuing concrete injury as the result of the parole board's decision that might have been remediable by writ. So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y.2003) (internal quotation marks omitted and emphasis added) ( citing, Spencer, 523 U.S. at 7, 118 S.Ct. 978, 140 L.Ed.2d 43 and Gonzalez v. INS, 2002 WL 31444952, at *3 (S.D.N.Y.2002)); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir.2002).

Petitioner's claim for habeas relief based upon a miscalculation of his release date should therefore be DISMISSED as moot.

In addition and in the alternative, since Petitioner's release to parole in September of this year, he has failed to provide this court with an updated address. See (Docket No. 17). Rule 10.1(b) of the Local Rules of Civil Procedure for the United States District Court of the Northern District of New York states that "[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address." Local Rule 41.2(b) specifically

provides that failure to notify the Court of an address change pursuant to Rule 10.1(b) "may result in the dismissal of any pending action." "Notification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions." Bourdon v. Walker, 453 F.Supp.2d 594 (N.D.N.Y.2006) (citing Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y.1998) (Pooler, D.J.)).

Accordingly, Petitioner's failure to furnish the Court with a current address provides an alternative basis to support dismissal of the Petition pursuant to Local Rule 41.2(b). See Williams v. Faulkner, 1998 WL 278288 (N.D.N.Y. May 20, 1998); Walker, 453 F.Supp.2d 594; Green v. Rabideau, 2007 WL 499621, *4 (N.D.N.Y. February 13, 2007).

## IV. CONCLUSION

For the reasons stated above, the Court recommends Joseph Poole's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED: November 20, 2007

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc.

v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

November 20, 2007

_____
Victor E. Bianchini
United States Magistrate Judge